## CIRCUIT COURT OF THE CITY OF RICHMOND

National Auto Sales

v.

William C. Butler
and Cora W. Butler

February 1, 2002

Case No. LM-1750-01

BY JUDGE T. J. MARKOW

This case is before the Court from the trial of the above-captioned case on appeal from the General District Court and was tried *de novo*. The facts are not in conflict and the issue involves a question of law.

The Defendants purchased a car from Plaintiff pursuant to a contract giving Plaintiff a security interest in the Defendant's car. The contract and attached payment schedule required Defendants to pay for the car in bi-monthly installments. Defendants made timely payments until December 2000. Defendants missed the December 21, 2000, payment, the January 1, 2001, payment and the January 15, 2001, payment. The Defendants paid the December 21, 2000, on January 4, 2001. Defendant William Butler dropped a payment totaling $282.46 for January 1, 2001, and January 15, 2001, in Plaintiff's night drop box on January 17, 2001. On January 17, 2001, Plaintiff completed the paperwork for Defendants' car to be repossessed. During the early morning hours of January 18, 2001, Defendants' car was repossessed by Plaintiff via Beasley, a repossession company.

On January 18, 2001, Defendants stopped payment on the money order delivered on January 17, 2000. Defendant's payment of $282.46 was

sufficient to cover the payments due with the exception of the late fees assessed and the repossession fee.

The repossession fee charged to Plaintiff by Beasley totaled $125. Plaintiff passed this fee on to Defendants. Defendant William Butler took payment of the overdue balance and fees to Beasley to redeem the car. Beasley then required that Defendants pay an additional $275 in order to release the car. Because Defendants did not have the additional $275, Beasley refused to release the car.

The parties stipulate that Plaintiff complied with the statutory requirements for notice of sale and disposition of collateral. Plaintiff sold Defendants' car at auction for $1200 on March 3, 2001.

The sales contract signed by Plaintiff and Defendants allowed Plaintiff to repossess the car in the event that Defendant failed to pay any payment within ten days after it is due. Plaintiff's Exhibit, 2. The contract also required Defendant to pay the entire amount owed on the contract, not simply past due payments, in order to redeem the car after repossession. Further, the contract prohibited any oral modification of the contract. Default was defined in the contract as breaking any of the contract agreements. *Id.*

Plaintiff's current Motion is for deficiency judgment for the remaining $4493.27 due pursuant to the contract for sale.

After default under a security agreement, a secured party may recover a deficiency judgment against the debtor. Virginia Code §§ 8.9-501 and 8.9-502. Defendants defaulted on the contract by failing to abide by the contract agreements. First, Defendants failed to timely remit payment. Because Defendants failed to remit the payment due January 1, 2001, until January 17, 2001, more than ten days after payment was due, Plaintiff was entitled to repossess the car. Second, Defendants failed to remit payment of the entire debt plus expenses and fees as required by the contract for redemption of the car. Defendants offered only the past due payments plus late charges and fees. Plaintiff then properly refused redemption of the car and properly disposed of the collateral. Defendants defaulted on the sales contract by breaking the payment and redemption agreements in the contract. Plaintiff is thus entitled to a deficiency judgment.

Section 8.9-504 states that the debtor is liable for any deficiency after the proceeds of the disposition of the collateral are applied to the debt and any reasonable expenses. See also § 8.9-502(2). Here, the proceeds of the disposition total $1200 and are deducted from the debt and expenses totaling $5693.27. The Defendants are liable for the deficiency in the amount of $4493.27.

While Defendants failed to comply with the requirements under the contract, Plaintiff failed to comply with the requirements under the Virginia Code. Plaintiff, as a secured party, is entitled to take possession of collateral on default of the Defendants. § 8.9-503. Plaintiff is further entitled to charge Defendants the reasonable expenses of collection of the collateral. Virginia Code § 8.9-502(2); see also § 8.9-506. However, Plaintiff must show that the fees and expenses charged were reasonable. Virginia Code § 8.9-502(2); *see Woodward v. Resource Bank*, 246 Va. 481, 436 S.E.2d 613 (1993). Unless the Plaintiff shows otherwise, the fees and expenses charged are presumed unreasonable and in violation of the statutory requirements. *See Rhoten v. Chevy Chase Savings Bank*, 44 Va. Cir. 124 (1997).

Plaintiff failed to prove that the repossession fee charged to the Defendants was reasonable. Defendants were charged a total of $400 in repossession fees. Plaintiff passed on the initial repossession charge of $125 and Beasley required another $275 in order to release the car to Defendants. Plaintiff failed to offer any support or evidence that the $400, or any part of it, was reasonable. As such, Plaintiff failed to comply with the statutory requirements.

In the event that the secured party fails to comply "with the provisions of this part," § 8.9-507 allows damages to be awarded to the debtor. Specifically, the debtor may recover, after disposition, "any loss caused by failure to comply with the provisions of this part." *Id.* Further, when the collateral is consumer goods, "the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt." *Id.*

Thus, while the Plaintiff is entitled to a deficiency judgment against the Defendants, Defendants are entitled to damages pursuant to Plaintiff's failure to comply with the requirement that all fees and expenses be shown to be reasonable. Specifically, Defendants' damages include the $1817.65 finance charge and ten per cent of the principal in the amount of $589.50. The total damages equal $2407.15. Plaintiff is entitled to a deficiency judgment of $4493.27 less the $2407.15 in damages, totaling $2086.12.

Plaintiff requests an award of attorney's fees. The contract provides that Plaintiff may collect "the attorney's reasonable fee." No evidence was presented of what constituted an attorney's reasonable fee. The fee cannot, therefore, be awarded.

It is therefore ordered that judgment is awarded Plaintiff National Auto Sales against William C. Butler and Cora W. Butler, the defendants, in the amount of $2086.12 plus interest from the date of judgment, plus costs.